The opinion of the Court was delivered by
Frost, J.
It is objected to the circuit decision, by the first ground of appeal, that a garnishee in attachment, who claims the effects attached in his hands, as assignee and creditor in possession, can take no exception to the illegality of the writ of an attaching creditor, who contests with him the right to appropriate such effects to the payment of his demand.
A writ in attachment is, in the first instance, a proceeding in rem. It may be converted into a suit in personam, by the absent debtor coming in and entering special bail to the action. But until this is done, the proceeding continues to be in rem. The *64 attached effects constitute a fund, subject to the order and disposition of the Court. It is, by the order of the Court, paid to the attaching creditors, in the order of precedence which they have acquired by the service of their several writs. The lien is acquired by the writ, not by the judgment against the absent debtor. Before the Act of 1843, the attached funds were paid to the plaintiffs, on the filing of the declaration. By that Act, not until the claim is established by judgment. When the attached funds are distributed, the judgment is functus officio. It operates no lien; no execution can be taken out on it; it creates no personal obligation. It is true, the garnishee cannot appear and plead to the action of an attaching creditor, nor except to any irregularity in the pleading; nor can any other attaching creditor do so. But by the case of Walker & Bradford vs. Roberts, (4 Rich. 561,) and the authorities there cited, it will appear that a junior attaching creditor may except to the illegality of a prior attachment, and, on motion, have it set aside; that the attaching creditors have an interest in the attached effects, which the Court will protect against any fraudulent attempt, by either, on the rights of the others; and that the rights, acquired by the lien of a junior attachment, will be enforced against any illegal or fraudulent demand of a prior attaching creditor. The Court will set aside the writ if the service is illegal; Byne vs. Byne, (1 Rich. 438); or if the defendant is not liable to the process; Weyman vs. Murdock, (Harp. 125); or if the cause of action is not suable by attachment; Sargeant vs. Helmbold, (Harp. 219); or if the writ is issued by one partner against his associate, for a partnership demand; Rice vs. Beers & Bunnell, (1 Rice Dig. 75); or if the fund is not the subject of attachment; Burrell vs. Letson, (1 Strob. 249); or if the debt is not due; Relph & Co. vs. Nolan, (1 Rice Dig. 78). According to the abstract of this case, in the Digest, the Court affirmed that, in an issue respecting the attached fund, the creditors alone are parties, not only nominally, but in interest; and without calling into question the regularity of the proceeding against the absent debtor, one maybe permitted *65 to shew that his attachment is oldest in point of time, which entitles him to priority ; or that the demand, claimed by another to be due, has been paid, or was never due. In some of the cases the writ was set aside at the instance of the garnishee, and in others, by a junior attaching creditor. A garnishee, who is a creditor, has secured to him, by the attachment Act, a right to the money or effects in his hands, for the payment of his debt, as secure and effectual as that of an attaching creditor. They both claim from a common fund, and by a common right, acquired by the attachment Act. The same reasons which enforce the protection of one attaching creditor against the illegal process or fraudulent attempt of another on the attached fund, must comprehend the garnishee creditor also. The Court will impound funds levied by execution and permit a junior execution creditor to impeach an older judgment for fraud or to enquire into the balance that is actually due. The same privilege is extended to a 'purchaser of property which may be subject to levy and sale by a judgment. Since to a suit by one attaching creditor neither’a garnishee, nor another attaching creditor, can appear and plead, nor make any defence, if the Court will not give relief, on motion, against irregular process, or illegal demands, the honest claimants of the attached fund must be at the mercy of the dishonest.
The second ground of appeal affirms that a suit, by foreign attachment, may be brought on a judgment, within a year and a day after it is recovered.
The objection to such a suit is, that, at common law, an action of debt cannot beffirought on .a judgment within a year and a day; because, during that time, the plaintiff may have execution. By the Act of 1815, an execution may be sued out, at any time within three years, after a judgment is recovered; and, by the Act of 1827, may be renewed, at any time within seven years. In this State, then, the prohibition of an action on the judgment would be extended to the period of seven, or of three, years, as the plaintiff may, or may not, have taken out execution.
*66 In Lee vs. Giles, (1 Bail. 449), it was decided that a plaintiff cannot bring suit on a magistrate’s judgment, while he has execution. The plaintiff had, by repeated suits, on successive judgments, for the same original demand, recovered in a magistrate’s court, so accumulated costs, as to bring his cause of action within the summary process jurisdiction. In delivering the judgment of the Court, Judge Colcock discusses the question whether, at common law, an action can be brought on a judgment within a year and a day; and cites very respectable authorities shewing that it may be. After a hasty review of all the authorities, however, an intimation of opinion, against such action, is expressed. The case was decided, chiefly, on the grounds, that a second action on a judgment, as it gives no new remedy for satisfaction of the second judgment, is merely vexatious and oppressive; and that the magistrate’s jurisdiction was created for the recovery of small debts, at small costs; and the humane policy of the Act would be defeated, if the plaintiff were permitted, by successive actions on the-judgment and the accumulated costs, to increase his cause of action beyond the magistrate’s jurisdiction. Although this case may not be a direct authority to that effect, yet it may safely be assumed that this Court will not permit a fresh suit to be brought on a judgment, when, by the second judgment, no new remedy is obtained, and when the only effect of the suit would be to increase costs and harrass the defendant.
But the common law rule relates only to fresh suit, by common law process; and does not include a suit by foreign attachment. The reason for the prohibition which applies to one does not extend to the other. By process of attachment, the plaintiff may subject, to the satisfaction of his judgment, property of an absconding debtor, which could not be reached by any common law execution. All the effects of the debtor, which are not subject to levy, are, by his absconding, completely secured against such executions. They cannot be taken under a ji. fa. A ca. sa. cannot reach the debtor and compel him to make an assignment of such effects, however ample *67 they may be for the satisfaction of the plaintiff’s demand.— When it is considered how large a portion of modern wealth is invested in various forms of credit, the ancient common law process of execution is greatly defective. The attachment Act was passed expressly for the purpose oi subjecting all the absconding debtor’s effects, of every description, to the payment of his debts. Judgments are enumerated with other claims for the recovery of which a foreign attachment may be issued. All judgments are comprehended; as well those on which the plaintiff may have execution, as those on which he may not. By what rule of construction shall the Court make a discrimination, and exclude from the benefit of the Act all the judgments on which the plaintiff may have execution, constituting, as they do, nearly all of that class of debts % Shall it be, because the law postpones the vigilant 1 or that the law should discourage and impede the recovery of judgments, and exclude them from competition with other creditors, whose demands have no such sanction, in the employment of the means' which the law has expressly and equally provided for them all ? The Act is remedial, and should be liberally construed, so- as to include all cases within the mischief against which it was intended to provide. No authority can be found to prohibit a suit by foreign attachment, on a judgment, at whatever time it may be for the interest of the plaintiff to resort to it. The Act expressly gives a judgment creditor a writ of attachment for the recovery of his debt. The judgment gives no means of enforcing payment from the choses in action of an absconding debtor; and with respect to such effects, needs the benefit of the attachment Act,, as much as a simple contract demand. No reason, nor rule of law, nor authority requires the exclusion of a judgment creditor from the benefit of the attachment Act.
The motion to reverse the order of the circuit Judge is granted.
Evans and Whitner, JJ. concurred.
O’Neall and Warblaw, JJ. We concur, on the ground, that the garnishee could not make the objection against the attachment.
Withers, J. did not hear the re-argument.

Motion granted.